# UNITED STATES DISTRICT COURT

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

v.

SHELTON C. TERRY

## CRIMINAL COMPLAINT

M.J. No.: 05mj00039-LTS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **May 20, 2005** in **Plymouth County,** and elsewhere, in the District of **Massachusetts,** the defendant did knowingly or intentionally possess with intent to distribute, and to distribute: cocaine base, also known as "crack cocaine", a Schedule II controlled substance, in violation of Title **21** United States Code, Section(s) **841(a)(1)**. I further state that I am a **D.E.A. Special Agent** and that this complaint is based on the following facts:

**Please see attached Affidavit of D.E.A. Special Agent Jennifer Fallon**

Continued on the attached sheet and made a part hereof:   [x] Yes   [ ] No

_____
Signature of Complainant
D.E.A. Special Agent Jennifer Fallon

Sworn to before me and subscribed in my presence,

June 28, 2005 _____ at   Boston, Massachusetts _____
Date                                           City and State

Leo T. Sorokin
**United States Magistrate Judge**              _____
Name and Title of Judicial Officer              Signature of Judicial Officer

05mj 00039-LTS

## AFFIDAVIT OF JENNIFER FALLON

Jennifer Fallon, a Special Agent with the United States Drug Enforcement Administration, being duly sworn, deposes and states as follows:

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code: that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516, Title 18, United States Code. I have been employed as a Special Agent of the United States Drug Enforcement Administration ("DEA") since 2002. I have been assigned to the New Bedford, MA, resident office since March 2003. Prior to that I served as an agent with the United States Border Patrol for approximately two years.

2. During my employment with DEA, I have participated in numerous investigations relating to the distribution of controlled substances, including heroin, cocaine, cocaine base, also known as "crack cocaine" and other substances in violation of the federal anti-drug laws, including Title 21, United States Code, Section 846. I have received training in the field of narcotics enforcement and investigations. I am familiar with the habits, methods, routines, practices and

procedures commonly employed by persons engaged in the trafficking of illegal drugs. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and with the methods of payment for such drugs.

3.   I submit this affidavit in support of an application for a criminal complaint charging SHELTON C. TERRY ("TERRY") with knowingly and intentionally possessing with intent to distribute, and to distribute, cocaine base, also known as "crack cocaine", a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This affidavit is submitted for the limited purpose of establishing probable cause to believe that TERRY committed the above described offense. Accordingly, I have not included each and every fact known to myself and other law enforcement officers involved in this investigation.

4.   As a result of my personal participation in the investigation, interviews with and analysis of reports submitted by other law enforcement personnel and my consultations with other law enforcement officers, I am familiar with this investigation.

5.   On May 20, 2005 at about 3:25 a.m., Sergeant Mark Celia of the Brockton Police Department ("BPD") was working in

a marked cruiser on the 8:00 p.m. to 4:00 a.m. shift. He observed a brown Mercury Grand Marquis bearing Massachusetts registration 69SN27 operating on North Main Street in Brockton, a high crime area of the city. He had observed the same vehicle in the same area of the city the previous evening. Sergeant Celia observed the operator to be a black male with a dread locks hair style, wearing a white shirt, later identified as SHELTON C. TERRY.

     6. Sergeant Celia followed the vehicle and observed it pull over to the side of the road without signaling. He then observed that the vehicle was occupied by two people. The front seat passenger made furtive movements including dipping down in the front seat area. Sergeant Celia ran the license plate and determined that the listed owner of the vehicle was Enterprise Rental Cars and also that the vehicle was not reported stolen. Sergeant Celia radioed to the police station for assistance.

     7. Sergeant Celia observed the vehicle pull over to the side of the road with the rear of the vehicle remaining in the lane obstructing traffic. He again saw the occupants moving around inside of the vehicle. He then saw the vehicle turn without signaling onto Appleton Street.

8. Officer Richard Gaucher arrived in the area and pulled his marked cruiser alongside Sergeant Celia's cruiser. Neither Sergeant Celia nor Officer Gaucher had their cruiser lights or sirens on at the time. The officers were not attempting to stop the vehicle.

9. The vehicle immediately sped away at a high rate of speed. Upon observing this, both officers activated their lights and sirens and followed in an effort to stop the vehicle. The vehicle continued to speed away without stopping at several stop signs. The speed of the vehicle was in excess of 70 miles per hour during the pursuit.

10. The operator lost control of the vehicle at 990 Pleasant Street. It crossed over the centerline of the road onto a lawn and struck a chain link fence that separated the property from the overpass from the state highway, Route 24 north, which was located below.[1]

11. Both of the occupants exited the vehicle and fled on foot. Officer Gaucher saw TERRY make a throwing motion with his right hand as he ran. With his weapon drawn, Officer Gaucher requested TERRY to stop several times. TERRY refused

---

[1] A Massachusetts State Trooper was working on a detail on Route 24 below and was in the direct path of travel of the vehicle if the fence had not stopped the vehicle.

to stop, and was apprehended by Officer Thomas Hyland.

12. The officers searched the area that Officer Gaucher saw TERRY make a throwing motion. Officer Hyland located a clear plastic bag containing four individually packaged clear plastic bags of suspected crack cocaine.

13. Officer Gaucher located one bag of suspected marijuana in the area in which the cocaine base was recovered. The bag contained three individually packaged bags of suspected marijuana within a yellow Ziploc type bag.

14. The bag of suspected cocaine base, and the bag of suspected marijuana recovered from the ground, were dry and warm to the touch. The ground itself in the area of the seizure of the suspected narcotics was covered with a wet morning dew, as the weather was in the low 50 degree range.

15. The second occupant of the vehicle, Labron Bey, was also apprehended by Officer Hyland a short distance away. Labron Bey fled from the vehicle by a different route than TERRY and was not near the area that the suspected cocaine base and suspected marijuana was recovered.

16. Officer Gaucher searched TERRY and located two cellular telephones in his pocket. TERRY was arrested and charged with the motor vehicle offenses and narcotics charges. Labron Bey was also arrested. TERRY and Labron Bey were

transported to the Brockton Police Department for booking.[2]

17. TERRY received his Miranda rights and stated during the booking procedure that his occupation was general help and listed his employer as John Jason Top Notch.

18. The following items were seized from a search of the trunk of the vehicle:

- One Pyrex type pie plate
- One small pair of black handled scissors
- One open box of Glad sandwich bags

These items which were located together in a white plastic shopping bag in my opinion, are used to package cocaine base for distribution.

19. The vehicle was towed to the Brockton Police Department where a further search was conducted. Sergeant Celia located an open clear plastic bag containing suspected marijuana inside a hand grip on the right front passenger door. Officer Hyland found twenty dollars in cash and a cellular telephone on the driver's side compartment of the vehicle.

---

[2] Terry is a black male with a dread locks hair style and was wearing a white shirt, matching the description of the operator of the vehicle observed by Sergeant Celia prior to the car pursuit and the person that Officer Gaucher saw make the throwing motion in the area that the cocaine base was later recovered.

6

20. TERRY was searched during the booking procedure and $435 in currency (the denominations were all in $20 bills, except one ten and one five dollar bill). Labron Bey had $135 in currency. Labron Bey removed one small bag of suspected marijuana from his pocket, handed it to Officer Gaucher and stated "That one is mine." The bag containing suspected marijuana was green in color, different in color from the yellow bag of suspected marijuana recovered from the scene.

21. The officers checked on the status of TERRY'S drivers license and determined that it was revoked at the time of the incident.

22. Based upon the training and experience of the officers and myself, the substance recovered by Officer Hyland, referred to in paragraph 12 above, is cocaine base, also known as "crack cocaine". The substance was weighed at the police station and determined to have a gross weight 16.3 grams. The results of chemical analysis and testing at the Department of Public Health laboratory is that the substance is cocaine base with a net weight in excess of 13 grams. It is my opinion that, based upon the circumstances of this case, including the drug weight, the packaging of the substance, the multiple cellular telephones seized, the packaging items seized, the money recovered, as well as the lack of personal

use items retrieved that this is consistent with the distribution of cocaine base.

23. Based on the information contained in this affidavit, all of which is true and accurate to the best of my knowledge, information and belief, I believe that there is probable cause to believe that on May 20, 2005, SHELTON C. TERRY did knowingly and intentionally possess with intent to distribute, and did distribute cocaine base, also known as "crack cocaine", a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I, Jennifer Fallon, having signed this Affidavit under oath as to all assertions and allegations contained herein, state that its contents are true and correct to the best of my knowledge, information and belief.

_____
Jennifer Fallon
Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this 28th day of June 2005 at Boston, Massachusetts.

_____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

8