

*U.S. Department of Justice*

**MICHAEL J. SULLIVAN**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

September 13, 2005

George Gormley, Esq.
665 Summer Street
Boston, MA 02210

    Re:  United States v. Shelton Terry
          <u>Criminal No. 05-10202-RWZ</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Shelton Terry ("TERRY") in the possession, custody or control of the government, the existence of which is known to the attorney for the government are included in the arrest warrant affidavit, Drug Enforcement Administration ("DEA") reports and local police department reports included herewith.

    b.   <u>Recorded Statements</u>

    There are no recorded statements of the defendant in this matter.

    c.   <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest other than those included in the FBI and local police reports provided herewith, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government's understanding is that you were provided with a copy of the defendant's criminal record by pretrial services. Kindly let me know if you need an additional copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Additionally, enclosed are and local police reports; computer printout; Massachusetts Registry of Motor Vehicles citation and registration printout; Enterprise Rent-a-Car records; Best Western, Carleton House records; color photocopies of scene photographs; copies of prior convictions including the conviction that provides the basis for the filing of the notice pursuant to 21 U.S.C. § 851; and Detention Hearing exhibits.

The DEA report of the incident will be provided upon receipt of it. I have a copy of the recording of the detention hearing. Please advise me if you want a copy of it.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Certificates of analysis from the Department of Public Health ("DPH") Laboratory reports concerning the testing of the narcotics is enclosed. The DPH reports concerning the testing of the suspected marijuana will be provided upon receipt of them.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case known to the government at this time.

B.  Search Materials under Local Rule 116.1(C)(1)(b)

A search was conducted at the scene of the recovery of the contraband and of the vehicle that the defendant was driving. The reports of the incident are referenced above.

C.  Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There are no consensually recorded interceptions in this matter.

E.  Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count in the indictment at this time.

F.  Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

   2.  The government is unaware of any information that would

cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

    3.    No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

    4.    The government is unaware that any of its named case-in-chief witnesses has a criminal record.

    5.    The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

    6.    No named percipient witnesses failed to make a positive identification of the defendant.

H.    <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and in the indictment in this case a copy of which you previously have received.

    Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

            By:

                        <u>S/ Glenn A. MacKinlay</u>
                        GLENN A. MACKINLAY
                        Assistant U.S. Attorney

enclosures
cc:  Maria Simeone, Clerk to the Honorable Leo T. Sorokin
    (w/o enclosures)

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    George Gormley, Esq.
    665 Summer Street
    Boston, MA 02210

This 13th day of September, 2005.

                                      Glenn A. MacKinlay
                                      GLENN A. MACKINLAY
                                      ASSISTANT UNITED STATES ATTORNEY