```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
     v.                     )     Criminal No. 05-10202-RWZ
                            )
                            )
SHELTON TERRY               )
```

**JOINT STATUS REPORT ON MOTION TO REDUCE SENTENCE**

The defendant has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c).  The Court has reappointed Attorney George Gormley to represent the defendant in connection with this motion.  The parties are hereby filing this Status Report regarding the motion and their respective positions with respect to it and advise the Court as follows:

    A. <u>Eligibility</u>

The parties disagree with respect to the defendant's eligibility for a sentence reduction.  The government does not believe that the defendant is entitled to a sentence reduction because he was sentenced as a career offender under U.S.S.G. §4B1.1.  Because his sentence did not arise under the crack cocaine provisions of U.S.S.G. §2D1.1, the government believes that there is no basis to reduce his sentence. <u>E.g.</u>, <u>United States v. LaFrance</u>, 2008 WL 447548 (D. Me. 2008)("[T]he Court has determined that this Defendant was sentenced to 152 months based

on a finding that he was Career Offender under U.S.S.G. § 4B1.1. Because this Career Offender finding determined his offense level under the Guidelines, Defendant's sentence was not derived from or affected by a calculation of crack cocaine quantity and U.S.S.G. § 2D1.1. In Kimbrough, the Supreme Court concurred with the submission of the United States that district courts may vary from the advisory Sentencing Guidelines range based on policy considerations, "including disagreements with the Guidelines." Kimbrough, 128 S. Ct. at 570 (quoting U.S. Br. 16 and citing Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations")). See U.S. Br. in Kimbrough at 29 ("As long as Congress expresses its will wholly through the Guidelines system, the policies in the Guidelines will best be understood as advisory under Booker and subject to the general principles of sentencing in Section 3553(a)."). Kimbrough left open whether "closer review may be in order" on appeal "when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect the § 3553(a) considerations' even in a mine-run case," 128 S. Ct. at 575, but it rejected the position that a sentencing court's disagreement with the Sentencing Guidelines on policy grounds is per se barred.  In explaining its conclusion that Congress had not required the Commission (and the courts) to apply the 100:1 crack/powder ratio to sentences other

than those required by the mandatory minimums in the drug statute, the Court noted that 21 U.S.C. § 841(b) "sa[id] nothing" about sentences other than at the mandatory minimums, and contrasted that statute with the career offender provision of the Sentencing Reform Act, which "specifically required the Sentencing Commission to set Guidelines sentences for serious recidivist offenders 'at or near' the statutory maximum." 128 S. Ct. at 571 (quoting 28 U.S.C. § 994(h)).  The Court used the career offender provision to illustrate that Congress knows how to "direct sentencing practices in express terms" when it wants to do so. Ibid.  The Court did not say, however, that Congress had directed <u>sentencing courts</u> to impose sentences for such offenders "at or near" the maximum; rather, the Court emphasized that the direction was to the Commission.  <u>Kimbrough</u>'s reference to the career offender guideline reflected the conclusion that Congress intended <u>the Guidelines</u> to reflect the policy stated in Section 994(h), not that the guideline implementing that policy binds federal courts.

In light of the holding of <u>Kimbrough</u> and the earlier reasoning of the Court in <u>Rita</u>, a sentencing court is not precluded from imposing a non-Guidelines sentence based on a policy disagreement with the career offender guideline, although the sentencing court's explanation of such a variance may be subject to closer appellate review.

Thus, the recent revisions pertaining to crack cocaine

quantity do nothing to change the Defendant's Guideline range and do not provide a basis for the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c).").[1]

The defendant asserts that he is entitled to a reduction. Defendant notes that a number of cases have denied modification of sentence in cases where a person was deemed a career offender, the United States District Court for the Eastern District of Pennsylvania recently allowed a sentence reduction to a career offender. United States v. Poindexter, decided May 2, 2008. Defendant will reserve further argument on this issue for his brief.


B.   Revised Guideline Calculation

Because the defendant was sentenced as a Career Offender, the government believes that his guideline range remains unchanged and is a Total Offense Level of 23, a Criminal history of VI, and a range of 262-327 months.

The defendant asserts that but for application of Career Offender Guideline, Amendment 706 reduces Mr. Terry's Base Offense Level from 26 to 24. See U.S.S.G. § 2D1.1(c)(8).  Thus, his revised total offense level would be 24 (or 21 with

---

[1] Accord, United States v. Rivera, 2008 WL 576764 (E.D.Pa.2008)(no adjustment where defendant was career offender); United States v. Pizarro, 2008 WL 351581 (D.N.H. 2008) ("The retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender").

acceptance of responsibility).

    C. <u>Recommendation</u>

The government does not believe that any reduction in this case is permissible or warranted.

The defendant asserts that there is no joint recommendation on sentencing given the fact that the parties disagree about Mr. Terry's eligibility for a reduction.

    D. <u>Hearing</u>

The government asserts that no hearing is necessary because it believes that the defendant is ineligible for any reduction as a matter of law.

The defendant takes the position that a hearing may be necessary. At this point, defendant does not request to appear in person if a hearing should occur.

    E. <u>Earliest Release Date</u>

Defendant's present projected release date is 1/10/2019 on his 188 months sentence.

    F. <u>Briefing Schedule on Issues</u>.

The government believes that the foregoing establishes that defendant is ineligible for any reduction as a matter of law. The government will respond to any arguments to the contrary made

by the defendant within 14 days after a memorandum is filed.

The defendant takes the position that a briefing schedule is necessary, and requests until July 18, 2008 to file his brief.

    G.  <u>Transcript</u>

None is required.

    H.  <u>Plea Agreement</u>

There is no plea agreement in this matter.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  <u>s/ Glenn A. MacKinlay</u>
     GLENN A. MACKINLAY
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA
     (617) 748-3215

<u>s/ George Gormley</u>
GEORGE GORMLEY, Esq.
755 East Broadway Street, 3rd floor
South Boston, MA 02127

Attorney for Shelton Terry