UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | CRIM. NO. 05-10202-RWZ |
| V. ) | |
| ) | |
| SHELTON C. TERRY ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE

The Defendant Shelton Terry seeks a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, due to the recent amendment to the crack cocaine sentencing guideline.  The Government opposes his motion claiming that he is ineligible for a reduction because he was sentenced as a career offender.  The fact that Mr. Terry was sentenced as a career offender does not, as the Government claims, divest this Court of authority to resentence him in light of the recent amendment reducing the applicable guideline range for crack offenses.

Mr. Terry's sentence was in fact "based on" the crack guideline range which has now been lowered; the disparity between his crack guideline sentence and his career offender guideline sentence, which has been increased by the recent amendment, is a factor the court must consider under 18 U.S.C. § 3553(a) in determining whether the recommended guideline sentence is "sufficient but not greater than necessary" to satisfy the purpose of sentencing.  Any statements in the commission's policy statement, U.S.S.G. § 1B1.10, purporting to limit the court's authority under 18 U.S.C. § 3582 to implement the new amendment or to consider factors set forth in 18 U.S.C. § 3553(a) on resentencing are at best advisory and, to the extent they contradict the statutory requirements of § 3582 or the constitutional requirements set forth in *Booker* and *Gall*, they must be rejected.

I.     BACKGROUND

On August 10, 2005, the defendant was charged in a one-count indictment with possession of cocaine base with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On September 13, 2005, the United States Attorney's Office filed an Information pursuant to 21 U.S.C. § 851 (a)(1) to provide notice of its intention to seek enhanced penalties for the defendant's drug offenses.  On August 2, 2006, defendant pled guilty to Count 1 of the indictment.

At the defendant's sentencing on November 16, 2006, the Court found that Mr. Terry was responsible for "at least 5 grams but less than 20 grams of cocaine base," which at the time corresponded to an offense level of 26.  The defendant scored a criminal history category VI based on his record of prior convictions in state court for various drug offenses and assault and battery cases.  The Court then calculated the defendant's base offense level at 37, and his criminal history category at VI, based on U.S.S.G. § 4B1.1, the career offender provision, and subtracted three points from the offense level for acceptance of responsibility.  This resulted in a guideline sentencing range of 262 to 327 months.

In both his objections to the PSR and his Sentencing Memorandum, Defendant argued that a downward departure was warranted based on the "double counting" that occurs from the interaction of the "Career Offender" guideline and the enhanced statutory maximum penalties authorized by the filing of an "851 Information."  Defendant also argued that a sentence outside the advisory guideline range was appropriate after consideration of the factors set forth in § 3553(a).

The Court imposed a sentence of 188 months on Mr. Terry, noting that it took into account the interplay of the Career Offender Guideline and 21 U.S.C. § 851 that results in double enhancement on the basis of the same predicate offenses. Mr. Terry is currently incarcerated at U.S.P. Lewisburg and according to the Bureau of Prisons his projected release date is January 10, 2019. As of March 2008, Mr. Terry was participating in GED-preparation courses and was on the waiting list for a drug education program. He also was employed working on the food carts. Also as of March 2008, Mr. Terry had no disciplinary action taken against him.

II.    ARGUMENT

    A.    The Defendant Is Eligible for a New Sentence Under the Revised Guidelines Governing Crack Offenses

The defendant is eligible for a new sentence pursuant to Section 3582(c)(2) of Title 18 of the United States Code. Section 3582(c) provides this Court with the authority to reduce a defendant's sentence where a sentencing range has been subsequently lowered by the Sentencing Commission.[1] Section §1B1.10(c) of the Guidelines provides that certain amendments to the Guidelines may be applied retroactively, including Amendment 706 which reduced by two levels the offense levels applicable to the defendant's crack cocaine offense. *U.S.S.G. §1B1.10*

---

[1]Section 3582(c)(2) of Title 18 of the United States Code provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(0), upon motion of the defendant or the Director of Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553 to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c) explicitly provides that a defendant is eligible for a new sentence if the original sentence was "based on" a sentencing range that has subsequently been lowered. That is precisely the situation here. At the time of the defendant's sentencing in 2006, Guidelines dictated that the defendant's base offense level was 26, based on the Court's finding that he was responsible for at least 5 grams but less than 20 grams of cocaine base. Pursuant to Amendment 706, the revised Guidelines now provide that the same quantity of cocaine base corresponds to a base offense level of 24.

The fact that the defendant was sentenced as a career offender - with a base offense level of 37- does not preclude him from seeking a new sentence under §3582(c)(2).[2] Irrespective of whether the defendant was ultimately sentenced under Section 4B1.1, his sentence was indisputably "based on" a GSR that was two levels higher than the range in the current Guidelines. At paragraph 36 of the presentence report, which was adopted in full by the sentencing judge, the defendant's base offense level was calculated based upon the guideline range prescribed by §2D1.1 which has now been reduced by amendment 706 triggering the court's authority to resentence under 18 U.S.C. §3582.

Moreover, where, as here, the differential between the new and otherwise applicable offense level and the career offender level may, post *Booker*, result in a lower sentence, the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. 3582(c)(2). Pursuant to 18 U.S.C. 3582(c)(2), upon resentencing, the court is explicitly required to consider all applicable §3553(a) factors. Under

---

[2]*See also, United States v. Marshall,* 2008 U.S. App. LEXIS 153, *22 (7th Cir. Jan. 4, 2008) (acknowledging that defendant who was sentenced as a career offender :may be eligible to petition for resentencing" under §3582(c)(2) in light of the retroactive crack amendment).

§3553(a), the sentencing court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purpose of sentencing. The difference between the amended crack GSR and the defendant's original sentence as a career offender is entirely relevant to this Court's determination of whether the defendant's sentence was "greater than necessary" to satisfy the purpose of punishment in his case.[3] Indeed, the First Circuit recently affirmed a defendant's sentence where the district court rejected the career offender guideline sentence and sentenced the defendant instead "within the GSR that would have obtained [for conspiracy to distribute crack cocaine] had he not been a career offender" *United States v. Martin*, 2000 U.S. App. LEXIS 5906 at p. 25 (March 21, 2008). See also United States Sentencing Commission, *Fifteen (15) Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform.* At 134 (2004), http://www.ussc.gov/15_year/15year.htm ("15 year report"). (Career offender guideline overstates criminal history for individuals who are sentenced as career offenders based primarily on low level drug trafficking offenses, rather than serious violent crimes).

---

[3] *See Gall v. United States*, 128 S Ct. 586, 591 (2007)("the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant to a sentencing decision.); *United States v. Pruitt*, 502 F.3d 1154, 1168 (10th Cir. 2007)(McConnell, J. concurring)("this might appear to be an admission by the Commission that this [career offender] guideline, at least as applied to low-level drug sellers like [the defendant], violates the overarching command of §3553(a) that "the court impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in §3553(a)(2).") *United States v. MacKinnon*, 401 F.3d 8, 9 (1 st. Cir. 2005) (reversing for resentencing after Booker where the defendant convicted of crack cocaine offense was sentenced pre-Booker to the guideline minimum of 262 months under the career offender guideline (up from what would have been a sentence of 188 months under the "regular guideline range") where the sentencing judge described the career offender sentence as "unjust, excessive, and obscene.")

B.  The Guideline Policy Statement Does Not Limit the Court's Statutory Authority to Resentence the Defendant

The Court's authority under §3582 to resentence Mr. Terry in light of the amendment to the crack guideline is not, as the Government alleges, restricted by the commission's policy statement at §1B1.10 of the US sentencing guidelines. First, any policy statement in the US sentencing guidelines is, under the Supreme Court's decision in Booker, purely advisory and, to the extent it purports to limit the Court's authority provided by statute or mandated by the constitution, must be rejected. The statute grants the court authority to resentence in light of the guideline amendment whenever a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission." 18 U.S.C. § 3582(c)(2). To the extent that the commission's policy statement purporting to limit the court's authority to resentence to cases in which the amendment has "the effect of lowering the defendant's applicable guideline range," U.S.S.G. §1B1.10(a)(2)(B), is determined to narrow the authority given the court under the statute, it must be rejected. In fact, as discussed above, Mr. Terry's sentence was based on the crack guideline, and the amendment to that guideline, and the resulting increased disparity between the sentence under the crack guideline and that under the career offender guideline, may well, upon a consideration of the 3553(a) factors, result in a lower sentence for the defendant.

Second, Section 3582's reference to reductions "consistent with applicable policy statements issued by the sentencing commission" does not, as the Government would have it, permit the sentencing commission to eviscerate statutory rights, much less constitutional ones. That the sentencing commission has overstepped its authority in issuing § 1B1.10 is obvious

from the fact that previous to this, the policy statement implementing amended guidelines was confined to listing those amendments which would be applied retroactively; it is with that portion of the policy statement which any resentencing under §3582 must be consistent. The statute provides no authority to the sentencing commission to issue a wide ranging policy statement such as the current 1B1.10 which purports to eviscerate protections explicitly provided by the statute (such as consideration upon resentencing of § 3553(a) factors) and applicable to all sentencing under *Booker el al.* See, eg., *United States v. Hicks*, 472 F.3d 1167, 1170 (9th Cir. 2007).

    Therefore, the policy statement's pronouncement that the proceedings under §3582 "do not constitute a full resentencing of the defendant" cannot deprive the defendant of the statute's explicit protection of the right to consideration of the § 3553(a) factors. Finally, even if that were not enough - which it is - the guidelines policy statement exceeds the commission's authority under 28 U.S.C. 994(a)(2)(c) to the extent it undercuts rather than furthers the purposes of §3553. Moreover, it cannot be considered authoritative interpretation of Section 3582(c)(2), because it would violate separation of powers for the commission to comment on construction of the statute that the commission administers. See *Stinson v. United States*, 508 U.S. 36, 44 (1993).

III.     REQUESTED RELIEF

The defendant submits that this Court should hold a resentencing at which it determines under §3553 and in light of the crack amendment, the appropriate sentence.

          Respectfully submitted,
          **SHELTON TERRY**
          By his attorney,

          /s George F. Gormley
          George F. Gormley (204140)
          ***George F. Gormley, P.C.***
          755 East Broadway
          South Boston, MA 02127
          (617) 268-2999

**Dated**:     July 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2008.

          /s George F. Gormley
          _____
          George F. Gormley