UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.           ) | Criminal No. 05-10202-RWZ |
| ) | |
| ) | |
| **SHELTON TERRY**       ) | |

### GOVERNMENT'S MEMORANDUM ON ELIGIBILITY

The United States of America, by Michael J. Sullivan, United States Attorney, and Glenn A. MacKinlay, Assistant United States Attorney for the District of Massachusetts, and submits this Memorandum on Eligibility in opposition to the Defendant's Motion for Reduction of Sentence.

The defendant is not eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 because his sentencing guideline range was determined by the career offender guidelines, not the crack guidelines.

   I.   Facts

On August 2, 2006, the defendant pled guilty to Count One of an indictment which charged him with possession with intent to distribute cocaine base.  The Pre-Sentence Investigation Report ("PSR") found that Terry was a career offender based on his numerous prior qualifying convictions.  PSR at ¶44. Accordingly, the PSR calculated his guideline range pursuant to U.S.S.G. § 4B1.1, resulting in a base offense level of 37, a total offense level ("TOL") of 34.  PSR at ¶¶44-46.  The criminal history

category ("CHC") of VI.  PSR at ¶¶89-90.  The guideline range was determine to be 262-327 months. PSR at ¶164.  The Court sentenced Terry to 188 months.

## II. Discussion

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712.  Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1)  In General. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

  (2) Exclusions. — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

  (3) Limitation. — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

  The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

  The Commission specifically recognized that not all guideline levels would change as a result of the 2007 crack

amendments. See U.S.S.G. §1B1.10 (a)(2)(B) and Application Note 1(a) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range, as in cases where the statutory mandatory minimum term of imprisonment controls). The effect of that determination and the application of the plain terms of the guidelines means that defendant is not eligible for a reduction and the Court has no jurisdiction to impose a reduction unless the amendment actually lowers his guideline range. See United States v. Gagot, 2008 WL 435496, at *1 (D.Mass. Feb.19, 2008)(Young, J.) ("this Court must obey the statutory mandate of 18 U.S.C. § 3582(c)(2), which makes the jurisdiction of district courts to modify criminal sentences in circumstances like these contingent on adherence to the Commission's policies" ); United States v. Rivera, 2008 WL 576764 (E.D. Pa. 2008) ("the Court may not, consistent with § 3582, reduce Rivera's sentence when the Guideline range applicable to him has not been reduced"). See also United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006) (§ 3582(c) limits the substantive authority of the district court and is accordingly a real "jurisdictional" rule); United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict

4

confines"); <u>United States v. Silva</u>, 337 F.Supp.2d 573, 575-76 (S.D.N.Y.2004) (describing § 3582(c) as jurisdictional and declining to reduce defendants' sentences due to lack of jurisdiction).

### III. Application to this Case

The defendant's motion should be denied for the simple reason that his guideline range has not been reduced because he was not sentenced pursuant to the portions of Section 2D1.1 which was altered by Amendment 706. The defendant's guideline range was determined by U.S.S.G. § 4B1.1, and there has been no change to the career offender guidelines applicable in this case. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). <u>See also</u> <u>id</u>. app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.") Because Amendment 706 and all other listed amendments are

inapplicable to the defendant, the defendant's motion should be summarily denied. See e.g., United States v. De Garcia, 2008 WL 465352 (S.D. Tex. Feb. 19, 2008) (offense involved cocaine, not cocaine base; motion for reduction in sentence denied).

Where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier);

United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 26; that would be reduced to 24 pursuant to Amendment 706. However, the defendant was a career offender, based on his prior convictions and accordingly his base offense level was 37 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions

unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.[1]

Courts addressing the issue are unanimous in holding that a defendant who was sentenced within a range determined by the career offender guideline, not the crack guideline, is ineligible for reduction. United States v. Martin, 2008 WL 1995090 (D.Kan. May 6, 2008); United States v. Biami, 2008 WL 1869108 (E.D.Wis. April 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D.Conn. April 4, 2008); United States v. Thompson, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United States v. McDougherty, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); United States v. Williams, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); United States v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States v. Garcia, 2008 WL 725025 (E.D. Wash. March 17, 2008); United States v. White, 2008 WL 724171 (W.D.Va. March 17, 2008); United States v. Brantley, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); United States v. Manns, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); United States v. Taylor, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008)  United States v. Nguyen, 2008 WL 447551 (D.Me. February 19, 2008);  United States v. Rivera, 2008 WL 576764 (E.D. Pa. March 3, 2008)(also holds Booker is inapplicable, at

---

[1] Terry already received the benefit of a reduction in his sentence from the GSR determined by the U.S. Probation Office, 262-327 months. The Court sentenced Terry to 188 months incarceration. The Government sought no sentencing appeal.

\*4);[2] United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

    In United States v. Poindexter, 2008 WL 1946821 (E.D.Pa. May 2, 2008), the defendant was determined to be a career offender but the sentencing court found the designation over-represented the seriousness of the his criminal history. In departing downward, the court reduced the range to what the defendant would have faced under the crack guidelines without the career offender status. Accordingly, upon motion for a § 3582 reduction, the court found the defendant eligible and reduced his sentence because it had been "based on" the crack guidelines, which was the "range under which the defendant was actually sentenced." Id.; United States v. Nigatu, 2008 WL 926561 (D.Minn. April 7, 2008)(accord).

---

    [2] The Court in United States v. Marshall, 2008 WL 55989 (7th Cir. January 4, 2008) did not face the issue. Marshall addressed the reasonableness of the defendant's career offender sentence. For that purpose, the Court found the crack reduction amendment irrelevant. Speculating about the defendant's ability to obtain a § 3582 reduction based on the amendment, the Court noted, "the change will probably not help Mr. Marshall."

**IV. Conclusion**

As set forth above, the defendant is ineligible for relief pursuant to § 3582(c)(2). Accordingly, the Court should deny his motion for a sentence reduction.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:   s/ Glenn A. MacKinlay
      GLENN A. MACKINLAY
      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

                                                      s/ Glenn A. MacKinlay
                                                      GLENN A. MACKINLAY
                                                      Assistant U.S. Attorney

July 18, 2008