UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10202-RWZ

UNITED STATES OF AMERICA

v.

SHELTON TERRY

ORDER
January 12, 2012

ZOBEL, D.J.

Defendant, Shelton Terry, has again moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in response to the 2011 Sentencing Guideline Amendments (Docket # 69). Defendant's first request in 2008 failed because his sentence derived not from the quantity of cocaine base but from the fact that he was a career offender. As I stated in the order of July 22, 2008:

> Defendant was sentenced for possessing with intent to distribute 13.63 grams of cocaine base. That amount yielded at the time of sentencing, a total offense level (after reduction for acceptance of responsibility) of 23. Defendant's very long record qualified him as a career offender which resulted in a total offense level of 34 (again after accounting of acceptance of responsibility), a criminal history category of VI and a guideline range of 262-327 months. The sentence imposed was 188 months, 74 months less than the low end of the range.

Defendant appealed and the court of appeals found that defendant's "original sentence was based on a career offender guideline sentencing range," not on a "sentencing range that has been subsequently lowered," citing United States v.

Caraballo, 552 F.3d 6, 9 (1st Cir. 2008).  It therefore affirmed this court's decision.

The court of appeals did thereafter decide United States v. Cardosa, 606 F. 3d 16 (1st Cir. 2010), in which it recognized an exception to the Caraballo rule where the defendant's original sentence was ultimately determined by the crack cocaine, not the career offender guideline.  The district court had found that the career offender guideline overstated the defendant's criminal history and departed downward to "the offense level computation without the career offender status," namely the crack cocaine offense calculation.  It then imposed a sentence at the top of that range.  That is not what occurred in this case.  The crack cocaine guideline absent career offender considerations, with a Total Offense Level of 23 and a Criminal History Category of VI, would have been 92 to 115 months.  The sentence imposed, 155 months, was simply a large variance from the career offender range because that range was grossly excessive.  As I noted earlier I do not believe a further reduction is warranted even were defendant eligible.

There remains a procedural issue pertaining to the appointment of counsel.  Under the court's Standing Procedural Order dated September 6, 2011, the clerk of court is required within seven days after the filing of a motion to reduce sentence, to "appoint counsel for each defendant who had court-appointed counsel for the sentencing."  That is precisely what the clerk did in this case.  Further in accordance with the Order, the clerk notified the probation office and the United States Attorney's office of the motion.  Finally the order states that within 21 days thereafter "the parties shall confer with each other and the Probation Department and file a joint report

outlining" their respective positions. All of these steps were followed by the clerk and counsel for the parties, and appointed counsel filed an appearance upon his appointment.

The process went slightly off the prescribed track because the government, before the expiration of 20 days, filed a memorandum of law in opposition to defendant's motion for reduction of sentence. Defendant, acting pro se, submitted his response to the government's memorandum. Thereafter, and as set forth in the Procedural Order, counsel was appointed and the parties, in due course, submitted a joint status report. Thus, contrary to defendant's assertion, counsel did not insert himself in these proceedings; he was appointed by the court to represent defendant and did so properly and well. However, given defendant's objections and his pro se filings, counsel has moved to withdraw (Docket # 77).

Defendant also, out of an abundance of caution, moved for equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, 18 U.S.C. § 3582(c)(1) (Docket # 68).

The motion by defendant for reduction of sentence (Docket # 69) is DENIED. His motion for equitable tolling (Docket # 68) is ALLOWED. The motion by counsel to withdraw (Docket # 77) is ALLOWED.

   January 12, 2012                          /s/Rya W. Zobel
       DATE                                   RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE